March 20, 1911.

———o———

5241.

(Court of Appeal, Parish of Orleans.)

## CHRISTIAN PETERSON vs. JACOB MOOCK.

1. Where the petition tenders one issue, and the answer another, which the plaintiff accepts, defendant cannot complain of the change of issues, brought about by his own pleadings.

2. Under Act 229 of 1910 appellate courts have a certain discretion as to costs; and where the only error, in a judgment is small in amount and due to oversight which might have been corrected by simply calling attention thereto, the appellant, who is otherwise unsuccessful, will be cast for the costs of the appeal.

Appeal from the Civil District Court, Division "B."

A. M. Buchmann, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, and B. J. Meyer, for defendant and appellant.

ST. PAUL, J.—This was an action originally begun for the recovery of advances said to have been made by plaintiff to defendant in connection with the purchase and operation of a steamboat, also for profits earned in a joint transaction in real estate.

The evidence, whilst being taken, showed that in the purchase and operation of the boat, plaintiff and defendant were, in point of fact, partners; and so, as the trial progressed the suit gradually developed into one for the settlement of partnership accounts.

Defendant, in a manner, now complains of this change of the issues; but he is without right so to do. This issue was tendered by himself in his answer and reconventional demand. In these he set up the partnership and prayed for a liquidation and settlement of its affairs. Plaintiff simply accepted the issue as tendered by defendant and the latter cannot complain.

Insofar as the transaction in real estate is concerned, it is conceded that defendant owes plaintiff the sum of $306.69 as his share of the profits; and this feature of the case requires no further consideration at our hands.

The evidence shows that plaintiff had a fourth interest in the boat, the other three fourths belonging to defendant; that all the assets of the partnership have gone into the hands of defendant. And the district judge found that the share of plaintiff, net, after certain deductions, amounted to the sum of $526.19 for which he gave judgment against the defendant.

This amount was made up as follows:

| | |
|---|---:|
| Insurance on boat destroyed by fire | $4,500.00 |
| Freight receipts | 1,668.25 |
| Total receipts | 6,168.25 |
| Net credits to defendant | 4,778.11 |
| Net assets to be divided | 1,390.14 |

Of which plaintiff is entitled to one-fourth....    347.53

To which must be added three-fourths of certain advances made by plaintiff on account of the boat .........................    178.66

Total due plaintiff .....................    526.19

The net credits allowed defendant are made up as follows.

Amount he claimed to have expended..    $5,886.81

From which must be deducted:

1st. Amount paid by defendant for the purchase of a half interest belonging to one Spencer.............$709.00

2nd. Amount admitted paid by pltff...   20.20

3rd. Deductions on labor bill........   379.50

Total deductions ......................    1,108.70

Net credits due defendant as above.    4,778.11

The only two items which defendant seriously contests are: 1st. The allowance of $1,668.25 of freight receipts and 2nd. The deduction of $379.50 on the labor bill. We think both items are correct.

The item of $1,668.25 represents the freight receipts of the boat for five trips which she made before she was laid up. From the testimony of defendant himself it is not clear whether or not these were the **net** receipts after deducting expenses, or only the **gross** receipts.

But the burden of proof was on him to make this clear. He alone had charge of the accounts, and allowed plaintiff no access thereto; he has constantly refused plaintiff an accounting and gives a very unsatisfactory explanation of the alleged loss of his books.

The item of labor is very much in the same condition. Defendant claims to have expended for labor in repair-

ing the boat the sum of $1,446, but he produces neither voucher nor time book, and does not pretend to account for either. From the loose oral testimony taken it is impossible to make up these accounts with anything like certainty; but plaintiff concedes an expenditure of $1,066.50, which more nearly accords with the testimony than the figures claimed by defendant. The difference, $379.50, was properly deducted from the credits allowed defendant.

We think, however, that the defendant is entitled to a small additional credit, which appears to have been overlooked by the district judge, and to which his attention seems not to have been directed.

It is shown that after the boat was repaired she made three trips before she was burned, and on these three trips lost $143.65. Plaintiff is clearly liable for one-fourth of this loss, being $35.90; and defendant is, therefore, entitled to a further credit for that sum.

The judgment of the district court was for $832.88 (being $306.69 plus $526.19); and deducting from this the sum of $35.90, there remains due to plaintiff $796.80 to which amount the judgment must be reduced.

However, this was but the result of an oversight, which undoubtedly would have been corrected had the attention of the judge a qua been called thereto. Hence we think that the appellant, otherwise unsuccessful herein, should bear the costs of this appeal, and we so order. Under the Act of 1910, No. 229, we have that discretion.

It is, therefore, ordered that the judgment appealed from be amended by reducing the amount allowed plaintiff from $832.70 to $796.80 (seven hundred and ninety-six 80/100 dollars), and as thus amended that same be affirmed at the cost of plaintiff-appellant in both courts.